UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Carey Moorehead<br>Josh Kantrow | Nick Alden<br>John Belcher | |

**Proceedings:** **DEFENDANTS HARVEY BIBICOFF AND GORDON GREGORY'S MOTION TO STAY, REMAND OR DISMISS ACTION** (filed 04/20/09) [**DEFENDANTS ERIC ALDEN & LORNE POLLOCK'S JOINDER** (filed 04/22/09)]

**DEFENDANTS ERIC ALDEN AND LORNE POLLOCK'S MOTION TO DISMISS THE DECLARATORY RELIEF FILED BY ADMIRAL AND REMAND THE CASE TO THE STATE COURT** (filed 05/01/09)

**I.    INTRODUCTION**

On March 17, 2009, Admiral Insurance Company ("Admiral"), filed the instant complaint for declaratory judgment against Eric Alden, Harvey Bibicoff, Lorne Pollock, and Gordon Gregory to determine the respective rights and obligations of the parties under an Admiral Excess Insurance Policy, no. 1616405/2.

This insurance dispute is the subject of two other suits pending before this Court, Gordon Gregory v. Venbrook Insurance Services, LLC, CV 09-2858 CAS (JTLx) and Eric Alden v. Admiral Insurance Company CV 09-2894 CAS (JTLx).

Plaintiff alleges that defendants are officers of Case Financial and insureds under a Landmark American Insurance Company ("Landmark") primary Directors and Officers ("D&O") insurance policy and an Admiral excess D&O insurance policy. Plaintiffs alleges that defendants were insured under Admiral D&O policy no. 1616405/2 with a policy period from May 22, 2004, through May 22, 2005. Plaintiff alleges that on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

about April 25, 2005, defendants were named as defendants, in their capacity as officers of Case Financial, in a shareholder derivative action filed in the Court of Chancery in the State of Delaware, Canadian Commercial Workers Industry Pension Plan v. Eric Alden, Harvey Bibicoff, Gordon Gregory, and Lorne Pollock, CV No. 1184-N (the "underlying suit"). Plaintiff alleges that defendants Pollack, Gregory, and Bibicoff have settled the underlying suit. Plaintiff further alleges that Landmark denied coverage in the underlying suit and that defendants responded by filing four separate lawsuits against Landmark in California asserting claims for breach of contract, breach of the duty to indemnify and bad faith. Plaintiff alleges that Landmark and defendants have recently settled these coverage lawsuits.

   Plaintiff further alleges that it has been advised that the amounts expended to settle and defend the undelrying suit exceed the limits of the primary policy. Plaintiff alleges that defendants have threatened to sue plaintiff unless it agrees to (1) pay the amount that Pollack, Gregory, and Bibicoff expended in excess of the primary policy limits to settle and defend the underlying suit; and (2) defend and indemnify Alden in the underlying suit. Plaintiff seeks a declaration that it has no duty reimburse defendants Pollack, Gregory, and Bibicoff or defend and indemnify defendant Alden.

   On April 20, 2009, defendants Bibicoff and Gregory filed a motion to stay, remand or dismiss this action. On April 22, 2009, defendants Alden and Pollock filed a notice of joinder in defendants Bibicoff and Gregory's motion. On April 27, 2009, plaintiff filed an opposition to defendants Bibicoff and Gregory's motion. On April 30, 2009, plaintiff filed an opposition to defendants Alden and Pollock's notice of joinder. On June 8, 2009, defendants filed a reply.

   On May 1, 2009, defendants Alden and Pollock filed a motion to dismiss plaintiff's declaratory relief action and to remand this case to state court. On June 1, 2009, plaintiff filed an opposition. On June 8, 2009, defendants filed a reply.

   A hearing was held on June 22, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

   A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Defendants argue that Venbrook Insurance Services LLC and Marc Bishara, defendants' insurance brokers, are indispensable parties pursuant to Fed. R. Civ. P. 19(b). Mot. at 7-8. Defendants contend that if plaintiff can establish that the "insured vs. insured" exception applies, defendants will have a fraud and negligence claim based on the misrepresentations made by Venbrook and Bishara. Id. at 8.

Defendants further argue that the Court should allow the insureds their choice of forum to litigate this insurance dispute and abstain under the Colorado River doctrine. Mot. at 8 (citing American Int'l Underwriters (Philippines) Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988); Transamerica Occidental Life Ins. Co. v. Digregorio, 811 F.2d 1249, 1253 (9th Cir. 1987)). Defendants contend that Admiral filed this declaratory relief action before communicating its denial of coverage to defendants in order to defeat defendants' choice of forum. Id. at 9 (citing Moore's Federal Practice, Vol. 6A, Declaratory Judgments, ¶ 57.19 (2d ed. 1987)). Moreover, defendants argue that they have legitimate claims against Venbrook and Bishara.[1]

Plaintiff responds that Venbrook and Bishara are sham defendants in a case defendants filed in Los Angeles County Superior Court and are therefore not necessary parties to this action. Opp'n at 2. Plaintiff argues that it filed this action on March 17, 2009, before any defendants filed suit in state court. Id. Plaintiff further argues that if the Court finds that Venbrook and Bishara are necessary parties, the proper remedy is to order their joinder pursuant to Fed. R. Civ. P. 19(a)(2), rather than stay, remand, or dismiss the action, because diversity will not be destroyed by joining Venbrook and

---

[1] Defendants also argue that this case should be remanded to state court. However, as plaintiff properly notes, a case that originates in federal court cannot be remanded to state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

Bishara.  Id.

     Under the Declaratory Judgment Act, a district court has discretion to decline to exercise jurisdiction over declaratory relief actions which otherwise satisfy the court's jurisdictional requirements.  28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 280-81 (1995).  "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991) (overruled in unrelated part by Wilton, 515 U.S. at 289-90).[2]  Thus, "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court."  Id.  When deciding whether to exercise its jurisdiction under the Declaratory Judgments Act, a district court "must balance concerns of judicial administration, comity, and fairness to the litigants."  Id.

     The Court concludes that this dispute is better settled in the proceedings that have been remanded to Los Angeles County Superior Court.[3]  This dispute concerns state law issues and therefore a presumption arises that the entire suit should be heard in state

---

[2] At oral argument, plaintiff's counsel argued that Chamberlain had been overruled and urged the Court to examine Government Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).  The Supreme Court's holding in Wilton does not alter the Court's conclusion because Wilton merely held that a court's decision to abstain from a suit brought pursuant to the Declaratory Judgments Act was to be reviewed for an abuse of discretion, rather than de novo.  Similarly, the Ninth Circuit's decision in Dizol does not alter the Court's conclusion.  In Dizol, no party suggested that the court should abstain and the district court did not provide a reasoned basis for abstaining. 133 F.3d at 1223.  The Ninth Circuit remanded that case for the district court to consider "judicial economy, comity, and federalism" in deciding whether to abstain.  Id. at 1226.  Here, the Court has concluded that abstaining best serves these interests.

[3] The Court has remanded the other two cases that arise out of this insurance dispute, Gordon Gregory v. Venbrook Insurance Services, LLC, CV 09-2858 CAS (JTLx) and Eric Alden v. Admiral Insurance Company CV 09-2894 CAS (JTLx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1821 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ADMIRAL INSURANCE COMPANY v. ERIC ALDEN; ET AL. | | |

court. Chamberlain, 931 F.2d at 1366-67. The claims of all the parties in interest can satisfactorily be adjudicated in the state proceedings, which include a claim for declaratory relief. Although plaintiff filed this federal action three days before defendants filed their suit in state court, defendants urge that this suit should not be treated as "first-filed" because Admiral filed suit without responding to defendants' demand for a decision on coverage. No matter which suit should be treated as "first-filed," the Court cannot conclude that litigating this dispute in state court will cause plaintiff any harm. Moreover, if the Court were to exercise subject matter jurisdiction over the current declaratory relief action it would likely necessitate factual and legal findings that would unreasonably overlap with the issues in the state court action. Therefore, the Court concludes that consideration of "judicial administration, comity, and fairness to the litigants" counsel against exercising jurisdiction pursuant to the Declaratory Judgments Act.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motions to dismiss.

IT IS SO ORDERED.

| | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |